ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NANCY FIGUEROA, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 1:07CV2114 |
| vs. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| JOHN E. POTTER, Postmaster General, | ) | <u>AND ORDER</u>[1] |
| | ) | [RESOLVING DOCS. 7, 10, and 13] |
| Defendant. | ) | |

I.

This action is before the Court upon defendant's Motion for Partial Summary Judgment (Doc. 7).[2]  The Court has reviewed the memorandum in support, memorandum in opposition (Doc. 9), and reply memorandum (Doc. 11).  For good cause shown, the motion is GRANTED.

Plaintiff Nancy Figueroa, a U.S. Postal Service employee at the Lorain Carrier Annex, filed the present action in this Court on July 16, 2007.  The case at bar consists of six causes of action, each asserted as a distinct discriminatory deprivation (national origin, age, gender, retaliation, religion, and disability) stemming from three EEO/EEOC administrative actions in matters identified in the Complaint as:  (1) Agency Case No. 4C-440-0291-05/EEOC Case No. 532-2006-00040X ("Case No. 291"); (2) Agency Case No. 4C-440-0135-06/EEOC Case No.

---

[1]The Court announced the within decision at the Status Conference held on June 19, 2008.

[2]The Court furnished actual notice to the parties and lead counsel of record at the Case Management Conference on November 27, 2007, that it is treating the motion as one for partial summary judgment. *See* Order (Doc. 8) at 2.

532-2007-00009X ("Case No. 135"); and (3) Agency Case No. 4C-440-0080-06/EEOC Case

No.532-2006-00068X ("Case No. 080").

Defendant argues that two out of the three administrative claims which form the basis of

plaintiff's causes of action are subject to dismissal for failure to exhaust administrative remedies

by exceeding the 90-day time limit for filing an action in U.S. District Court following receipt of

the respective final agency decisions ("FADs"). The employee may file a civil suit in federal

court under Title VII, the Rehabilitation Act, and the ADEA within 90 days of receipt of notice

of final action by the agency on her complaint. 42 U.S.C. § 2000e-16(c); 29 C.F.R.

§ 1614.407(a), (b).

In Case No. 291, the plaintiff and her counsel received the FAD on March 31, 2007, and

April 7, 2007, respectively. This documentation clearly shows that, although the Postal Service

notified Figueroa and her counsel on these dates (by separate letters delivered to them via the

U.S. mail with a Delivery Confirmation enhancement) that the plaintiff's administrative claim

had been denied, Figueroa did not file her complaint in federal district court until July 16, 2007.

Plaintiff does not address the timeliness of her claims in Case No. 291 in her memorandum in

opposition (Doc. 9). Therefore, based upon a 90-day time limit under Title VII and the ADEA,

the Court finds that the Complaint is untimely since it should have been filed no later than

July 6, 2007. Dismissal is appropriate since the Complaint was filed 10 days late.

In her memorandum in opposition (Doc. 9), the plaintiff argues that her Complaint was

not untimely filed with respect to Case No. 135 because the 90-day filing deadline has not yet

begun to run since her counsel never received service of the FAD on this claim. She contends

that the FAD was forwarded to counsel at his old address (30400 Detroit Road, # 108,Westlake,

Ohio 44145-1855) notwithstanding the Postal Service's knowledge of his new address (23850 Center Ridge Road, Suite # 5, Westlake Professional Arts Building, Westlake, Ohio 44145-4218),  so her counsel never received it.  Additionally, Figueroa contends that she also did not receive the FAD with respect to Case No. 135 proffering internet generated forms, dated November 26, 2007, from the Postal Service's website indicating that the system had no record for the delivery confirmation numbers relating to the mailing of the FAD to both she and her counsel.

The Court finds that the plaintiff's claims in Case No. 135 are also untimely.  In that case, according to the documentary and testimonial evidence produced by the U.S. Postal Service, the plaintiff and her counsel received the FAD on March 24, 2007,[3] and March 28, 2007,[4] respectively.  Again, based upon the same 90-day time limit, the Complaint is untimely since it should have been filed no later June 26, 2007.  Dismissal is appropriate since the Complaint was filed 20 days late.

All claims in this case arising out of Case Nos. 291 and 135 are dismissed for failure to exhaust administrative remedies.  The only claims remaining in the case at bar after dismissal of the unexhausted claims are those claims for gender, national origin, and retaliation discrimination under Title VII, age discrimination under the ADEA, and disability under the Rehabilitation Act with respect to Case No. 080.

---

[3]*See* Doc. 7-8 at 2-3.

[4]*See* Doc. 7-8 at 2-3; Doc. 11-2 at 2; Doc. 11-3 at line 11.

II.

This action is also before the Court upon plaintiff's Motions for Leave to File Amended Complaint (Doc. 10) and for Leave to File Amended Complaint *Nunc Pro Tunc* (Doc. 13). Plaintiff has attached a copy of the proposed amended pleadings to the motions. The Court has reviewed the motions and the memoranda in opposition (Docs. 12 and 14). The motions are DENIED.

The Court previously ordered counsel for the plaintiff to serve and file a Motion for Leave to File an Amended Complaint that sets out each claim in a separate section of the memorandum in support, as well as in a separate count of a proposed amended complaint to be attached thereto. The Order (Doc. 8) also provides that

> The proposed amended pleading should set out the specific, detailed facts that support each claim with appropriate dates; each count should specify whether the claim was asserted in an EEO/EEOC administrative action, and, if so, which Agency Case No./EEOC Case No.; no succeeding counts shall incorporate prior counts by reference; and, no count shall incorporate prior factual allegations by reference.

*Id.* at 1-2.

Rule 15(a) of the Federal Rules of Civil Procedure mandates that leave to amend "shall be freely given when justice so requires." As stated by the Supreme Court:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc,--the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Dykstra v. Wayland Ford, Inc.*, 240 Fed.Appx. 14 (6th Cir. 2007). The Motions for Leave were filed in response to the Court's Order (Doc. 8). Even a cursory review of the motions reveals, however, that they do not comply with the

4

above-stated requirements of the Order.  Defendant argues that the proposed Amended Complaint (Doc. 13-2) could not withstand the pending Motion for Partial Summary Judgment. Therefore, leave should be denied because the amendment would be futile.  After balancing the competing interests and considerations pertinent herein, the Court finds that good cause has not been shown to give the plaintiff leave to amend her complaint.

In the proposed Fourth Cause of Action (Doc. 13-2 at 12), the plaintiff cites to all three of the administrative proceedings upon which this case is based in an attempt to bring all the unexhausted retaliation claims in the proposed Third Cause of Action before the Court under the continuing violation doctrine.  The Court finds that the plaintiff has not stated a claim of a continuing violation because, among other reasons, the allegations are discreet acts of alleged retaliation which do not fall under this doctrine.  *See Nat'l R. R. Passenger Corp.v. Morgan*, 536 U.S. 101, 110-13 (2002) (discreet discriminatory acts are not actionable if they are time barred, even if they are related to acts alleged in timely filed charges).

IT IS SO ORDERED.

 July 7, 2008                               /s/ John R. Adams
Date                                        John R. Adams
                                            U.S. District Judge

5