ADAMS, J.

09 APR 30  PM 4: 56

U. DISTRICT COURT
DISTRICT OF OHIO
AKRON

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NANCY FIGUEROA, | ) | CASE NO.  1:07CV2114 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JOHN E. POTTER, Postmaster General, | ) | AND ORDER |
| | ) | [RESOLVING DOC. 35] |
| Defendant. | ) | |

## I.

This action is before the Court upon defendant's Motion for Summary Judgment

(Doc. 35).  The Court has reviewed the memorandum in support, memorandum in opposition

(Doc. 38), and reply memorandum (Doc. 40).  For good cause shown, the motion is GRANTED.

The present action was filed in this court on July 16, 2007 by Plaintiff Nancy Figueroa, a

U.S. Postal Service employee at the Lorain Carrier Annex.  This case consisted of six causes of

action, each asserted as a distinct discriminatory deprivation (national origin, age, gender,

retaliation, religion, and disability) stemming from three EEO/EEOC administrative actions in

matters identified in the Complaint as:  (1) Agency Case No. 4C-440-0291-05/EEOC Case No.

532-2006-00040X ("Case No. 291"); (2) Agency Case No. 4C-440-0135-06/EEOC Case No.

532-2007-00009X ("Case No. 135"); and (3) Agency Case No. 4C-440-0080-06/EEOC Case

No.532-2006-00068X ("Case No. 080").

## II.

Defendant's motion for partial summary judgment requesting dismissal of Case Nos. 291 and 135 was previously granted. *See* Memorandum of Opinion and Order (Doc 22). All claims in this case arising out of Case Nos. 291 and 135 were dismissed for failure to exhaust administrative remedies. The remaining claims in the case at bar are those claims for gender and national origin discrimination and related retaliation under Title VII, age discrimination under the ADEA, and disability discrimination under the Rehabilitation Act with respect to Case No. 080.

The accepted issues in the administrative proceedings are as follows:

[Whether the Plaintiff was subject to] discrimination based on national origin (Mexican-American), sex (Female), age ([over 40]), retaliation (Federal Court Case[1] and Prior EEO Activity), and mental disability (Mental Defect) when:

[a.]   from approximately September 24, 2005, when she was injured on the job, to October 26, 2005, when her compensation claim was denied, she was not provided with continuation of pay (COP) while the compensation claim was pending ["Continuation of Pay Claim"];

[b.]   on December 1, 2005, Supervisor Thomas denied her the mileage rate increase that had been in effect since November 1, 2005 ["Mileage Rate Claim"]; and

[c.]   she was denied overtime on December 25, 2005; December 31, 2005; January 1, 2006; and January 3, 2006 ["Overtime Claim"].

---

[1] *Figueroa v. U.S. Postal Service*, 422 F.Supp.2d 866 (N.D.Ohio 2006), *aff'd*, 220 Fed.Appx. 407 (6th Cir. 2007).

2

Doc. 35-4 at 1- 2.  The United States Postal Service issued a Final Agency Decision with a finding of no discrimination (Doc. 35-3 at 25) and Plaintiff filed a timely Complaint (Doc. 1) before this Court, but only with respect to Case No. 80.

Defendant argues that Plaintiff has shown no direct evidence of intentional discrimination by the Postal Service and has proceeded only by way of circumstantial evidence.  Defendant submits that Plaintiff was not entitled to her Continuation of Pay Claim because she did not file in a timely fashion.  Additionally, she was not entitled to the pay since the claim was ultimately denied.  Next, Defendant contends that Plaintiff was never deprived of an increased rate for mileage and that her claim is unsupported.  Defendant also asserts that Plaintiff failed to produce evidence, other than uncorroborated allegations, that she received discriminatory treatment with respect to a denial of overtime.  Finally, Defendant argues that Plaintiff has failed to allege and prove a *prima facie* case of discrimination due to disability.

Plaintiff concedes that "there is no direct evidence of intentional discrimination," but contends that "there is substantial circumstantial evidence which creates an inference of discrimination due to national origin and/or age in accordance with the [*McDonnell*] paradigm." Doc. 38 at 10.  Plaintiff claims that the request for continuation of pay is a request for an accommodation, and denial of her request is *prima facie* disability discrimination.  She next contends that a discriminatory animus was created because she submitted a request for mileage reimbursement under the old rate that she--rather than management--later corrected.  Then, Plaintiff argues her preclusion from working overtime is also discriminatory because management knew of her June 2005 EEOC charge.  Finally, Plaintiff relies on her diagnosed Anxiety Stress Disorder and folliculitis as evidence of her disability under § 504 of the

3

Rehabilitation Act of 1973, 29 U.S.C. § 794, which is a required element of a claim for disability discrimination.

### III.

Summary judgment is appropriately granted when

> . . . the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). *See also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).

The moving party may rely upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file to demonstrate an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992). Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. Under Fed. R. Civ. P. 56(e)(2),

> . . . an opposing party may not rely merely on allegations or denials in its own pleading; rather, it's response must--by affidavits or as otherwise provided in this rule--set out *specific facts* showing a genuine issue for trial (emphasis added).

To defeat the motion, the non-moving party must "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing the motion for summary judgment, the Court must view

4

the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be "no *genuine* issue of *material* fact." *Id.* at 248. A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Id.* In determining whether a factual issue is "genuine" the Court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.* To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. *Anderson,* 477 U.S. at 252.

## IV.

In order to bring a Title VII case for discrimination without direct evidence, Plaintiff must use circumstantial evidence to show that: (1) she is a member of a protected group; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by someone not in the protected class or was treated differently than a non-protected employee who was similarly-situated. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Peltier v. United States,* 388 F.3d 984,987 (6th Cir. 2004). Here there was no material change in employment status such as termination or demotion. Nor is there evidence, other than Plaintiff's own affidavit, showing that she was similarly-situated to Tara

5

DeWitt, an employee who is a younger, non-Mexican woman. Ms. DeWitt did not have the same supervisor and there is no evidence in the record showing that the alleged injuries of the two women were comparable in any way. Without more, Plaintiff has not met the burden of establishing a *prima facie* case of discrimination under Title VII.

Under the ADEA, Plaintiff must prove intentional discrimination to prevail on a claim of age discrimination. *Wright v. Murray Guard, Inc.,* 455 F.3d 702, 703 (6th Cir. 2006). The fourth *McDonnell* element is modified to require replacement "by a significantly younger person" rather than by someone not belonging to a protected class. *Grosjean v. First Energy Corp.,* 349 F.3d 332, 335 (6th Cir. 2003). After establishing a *prima facie* case, Defendant may offer a legitimate, non-discriminatory reason for its actions. *Id.* Once the employer provides a reason, Plaintiff must offer enough evidence so that a jury could reasonably reject that explanation. *Manzer v. Diamond Shamrock Chems. Co.,* 29 F.3d 1078, 1083 (6th Cir. 1994). In this case, Plaintiff simply alleges that Ms. DeWitt is younger than she is as evidence of discrimination. However, the record is absent of other evidence to substantiate the claim. Plaintiff's employment status did not materially change, which negates any claim of adverse employment action. Additionally, there is no evidence in the record that shows age was a motivating factor for Defendant's actions.

Assuming *arguendo*, that Plaintiff could establish a *prima facie* case of discrimination under either Title VII or the ADEA, Defendant offers a legitimate, non-discriminatory reason for refusing the Continuation of Pay Claim, *i.e.*, Plaintiff failed to file a timely claim for that benefit and was not legally entitled to the pay. Similarly, Defendant offers justifiable reasons for its actions regarding the Mileage Rate and Overtime Claims. According to Defendant, Plaintiff was

never underpaid for her Mileage Rate Claim and suffered no financial detriment. Defendant submits that it denied Plaintiff overtime on December 31, 2005 because Plaintiff failed to sign the Overtime Desired List for employees that were requesting overtime. In addition, the overtime opportunity on January 3, 2006 would have required that Defendant pay Plaintiff for a full eight hours pursuant to the Agreement between USPS and APWU, AFL-CIO, when Defendant only needed someone to fill 2.74 hours of overtime. *See* Doc. 35-16 at 6. Plaintiff has not countered Defendant's reasons. Therefore, Plaintiff has not met her burden.

A *prima facie* case of discrimination under the Rehabilitation Act requires that Plaintiff allege and prove that she has a disability. *Burns v. City of Columbus Dep't of Pub. Safety Div. of Police,* 91 F.3d 836, 840-841 (6th Cir. 1996). A disability is defined as a substantial interference with one of the major life activities set forth in 29 C.F.R. 1630.2(i), including caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. *Toyota Motor Manufacturing v. Williams,* 534 U.S. 184, 198 (2002).

In this case, Plaintiff relies on diagnoses of Anxiety Stress Disorder and folliculitis as evidence of her disability. However, she provides only her own affidavit and no third-party or medical evidence to support the argument that there was a substantial interference with a major life activity. Additionally, Plaintiff admitted in her deposition that she could perform necessary functions such as eating, walking, seeing, standing, speaking, learning, working, driving, and personally caring for herself. *See* Doc. 35-8 at 47-49. Finally, in granting summary judgment for employers with respect to ADA claims, courts have found that severe skin conditions do not impair a major life activity. *See Verhoff v. Time Warner Cable, Inc.,* 478 F.Supp.2d 933 (N.D. Ohio 2006) (granting summary judgment to the employer on the ADA claim because severe

7

eczema did not impair a major life activity despite interfering with Plaintiff's ability to sleep and shower).  Therefore, the *prima facie* requirement is not met by Plaintiff in this case, as the record contains insufficient evidence to demonstrate a genuine issue of material fact.

## V.

Based upon the foregoing, Defendant's Motion for Summary Judgment (Doc. 35) is GRANTED on the grounds that there is no genuine issue as to any material fact and Defendant is entitled to a judgment as a matter of law on the merits of Case No. 080.  Final judgment will be entered in favor of defendant John E. Potter, Postmaster General.


IT IS SO ORDERED.


  April 30, 2009
Date

John R. Adams
U.S. District Judge

8